IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANE DOE #1, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:13-CV-79-WKW |
| ) | [WO] |
| RICH HOBSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Last November, Plaintiffs Jane Doe #1, Jane Doe #2, John Doe #1, and John Doe #2 were arrested for fishing without a license.  Now the Does worry they might be subject to an Alabama law that requires the state to maintain an online list of unlawfully present aliens who appear in state court.  The Does filed this lawsuit to challenge that law, which Defendants Rich Hobson, Alabama's Administrative Director of the Courts (the "AOC"), and Spencer Collier, Director of the Alabama Department of Homeland Security ("Homeland Security"), are in charge of implementing.

The matter comes before the court on Defendants' motion to dismiss (Doc. # 20).  For the reasons that follow, that motion is due to be granted.

## I.  JURISDICTION AND VENUE

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. §§ 1331, 1343, and 2201–02.  Personal jurisdiction and venue are uncontested.

## II.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) may assert either a factual attack or a facial attack to jurisdiction.  *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007); Fed. R. Civ. P. 12(b)(1).  In a facial attack, the court examines whether the complaint "sufficiently allege[s] a basis of subject matter jurisdiction."  *Id.*  As when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, on a Rule 12(b)(1) facial attack, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pleaded facts in the complaint as true.  *Id.*

## III.  FACTUAL BACKGROUND

Beginning in the early spring and lasting through the summer, the lakes of Alabama teem with anglers and fish playing aquatic games of cat and mouse.  But even in the cool months of fall, there are fish to be caught.  Presumably, Plaintiff Jane Doe #1 knows this, and that is why she took three members of her family (Jane Doe # 2, John Doe #1, and John Doe #2) out fishing one day last November.

But it turns out that not one of the Does had a fishing license. They were arrested when a law enforcement official came across them and learned that fact, and they were scheduled to answer charges of unlicensed fishing in mid-February. According to the Does' briefing, they were convicted in an Alabama district court. This case does not challenge that conviction.

Instead, this case has to do with a potential consequence of the Does' appearance in the state court. Specifically, the Does worry that the state of Alabama might add their names to a list of unlawfully present aliens and publish that list on a state-run website. Rather than waiting to face those consequences, they filed this lawsuit to challenge the Alabama law that mandates publication of the online list of unlawfully present aliens. The AOC and Homeland Security responded with a motion to dismiss, which is now before the court.

## IV. DISCUSSION

According to a recent addition to Alabama's immigration law, the AOC has to keep a list of all "unlawfully present aliens" who are "detained by law enforcement and appear in court for any violation of state law." Ala. Code § 31-13-32(a). Four times a year, the AOC is supposed to forward that list to Homeland Security, and Homeland Security is supposed to post the list in a "convenient and prominent

location" on its website. *Id.*[1] The Does say that law the is unconstitutional because it violates the Fourteenth Amendment's guarantees of procedural due process and the Supremacy Clause's allocation of state–federal power. Maybe they are right.

This court cannot consider the merits of this case, however, unless the Does establish that they have standing to challenge § 31-13-32. Thus, this case cannot proceed unless the Does face the threat of imminent injury due to that law's reporting and publication requirements. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (noting that Article III's standing requirements include a showing of an "injury in fact" that is "actual or imminent"). And because the law at issue only threatens to report and publish information about "unlawfully present aliens," that means the Does lack standing to challenge it unless they meet that definition.

But the Does have not alleged that they are "unlawfully present aliens." Instead, the complaint alleges only that the Does lack "documents proving that they currently have permission to reside in the United States" (Doc. # 1 ¶ 52), and that Jane Doe #1 "did not appear to have legal permission to remain in the country" when

---

[1] The AOC and Homeland Security submit evidence that they have yet to publish such a list and they have no plans of doing so any time soon. The court has not considered that evidence, however, because this opinion treats the pending dispositive motion (Doc. # 20) as one to dismiss, not one for summary judgment.

she was arrested in November 2012 (Doc. # 1 ¶ 49).  Nowhere in the complaint do the Does say that any of them has violated an immigration law, or that their presence in this country is unlawful.

That is a problem for the Does because the law they want to challenge does not require the AOC to keep or Homeland Security to publish a list of people who are *unable to prove* their lawful presence in this country or of those who *appear* to lack legal permission to be here.  Equivocation might have its place, but it is not in a complaint.  There, precision matters.  To establish standing, the Does must allege that their presence in Alabama violates some law.  They have not.

But fuzzy language is not the complaint's only flaw.  Even assuming the court were satisfied that the complaint's vague allegations adequately allege that the Does were unlawfully present aliens at some point, there is nothing in the complaint that suggests they were unlawfully present at the crucial times, *i.e.*, when they were detained and when they appeared in the state court.  Even if the complaint clearly alleged the Does were unlawfully present when they were arrested, they still would not have standing to pursue this case unless they were also unlawfully present when they appeared in state court.  *See* Ala. Code § 31-13-32(a) (applying to "unlawfully present aliens" who were "detained by law enforcement *and* appear[ed] in court for any violation of state law").

5

These days, terms like "illegal alien" and "unlawfully present alien" are falling into disfavor. Perhaps that is why the Does' attorneys were so careful to avoid using any language that might suggest the Does' presence in this country is "illegal" or "unlawful." But for good or ill, Alabama's legislature chose the term "unlawfully present alien" when it enacted the law the Does want to challenge, so that is the status the Does must fit. Because the Does' complaint lacks any allegation of fact that their presence in this country was unlawful at any relevant time, they have failed to establish their standing to maintain this lawsuit.

As a final note, it bears mentioning that the Does' complaint avers that someone who works for the state "has or will deem the [Does] to fall within the State-created immigration classification of 'unlawfully present alien.'" (Doc. # 54.) But that statement is not an allegation of fact that the court must accept as true. A statement of fact is a statement about "a thing done," *Webster's 3d New International Dictionary* 813 (1993),[2] not a prediction about a future event. Absent allegations that establish that the Does' presence in this country is unlawful, the court does not find

---

[2] The court also consulted *Black's Law Dictionary* (8th ed. 2004) and the *American Heritage Dictionary of the English Language* (5th ed. 2011) to confirm its suspicion that predictions do not count as facts. Both of those sources corroborate the definition of that term in *Webster's 3d*, which made its way into the body of this opinion only because it was the pithiest of the bunch.

plausible the complaint's prediction that a state worker will deem the Does to be unlawfully present aliens.

## V.  CONCLUSION

Accordingly, it is ORDERED as follows:

(1)   The motion to dismiss (Doc. # 20) is GRANTED; and

(2)   The other pending motions (Docs. # 2, 4, 32) are DENIED as moot.

If the Does can amend their complaint to cure the standing problems identified in this opinion, they may do so on or before **August 14, 2013**, at which time the parties may renew any other motions that remain relevant.  Failure to timely file an amended complaint will result in the dismissal of this action.

DONE this 31st day of July, 2013.

　　　　　　　　　　　　　　　　　　/s/ W. Keith Watkins
　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE