IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANE DOE #1, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:13-CV-79-WKW |
| ) | |
| RICH HOBSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiffs' motion for reconsideration in which they respectfully argue that the court's requirement that they plead their status as "unlawfully present aliens" is unnecessary to support their Article III standing. (Doc. # 39.)  Defendants have filed a response, (Doc. # 41), and Plaintiffs have replied, (Doc. # 42).  For the reasons to follow, the motion for reconsideration is due to be granted.

**I. BACKGROUND**

On July 31, 2013, the court entered a memorandum opinion and order granting Defendants' motion to dismiss and denying as moot all other pending motions.  (Doc. # 38.)  The court identified the following impediments to Plaintiffs' standing:  (1) Plaintiffs failed to allege that they are "unlawfully present

aliens" subject to the consequences prescribed by Ala. Code § 31-13-32, the state law which they challenge as unconstitutional; and (2) the Plaintiffs failed to allege that they were "unlawfully present aliens" at the crucial times identified by the law – *i.e.*, when they were detained by law enforcement and when they appeared in court for a violation of state law. (*See* Doc. # 38, at 4–5.) Without asserting they were unlawfully present aliens, the court explained, Plaintiffs could not show that they faced the threat of imminent injury. (Doc. # 38, at 4 (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000).) The court afforded Plaintiffs leave to amend their complaint to cure these impediments to standing. (*See* Doc. # 38, at 7.) Plaintiffs did not amend their complaint. Rather, they filed the instant motion requesting that the court reconsider and vacate its July 31, 2013 opinion and order. (Doc. # 39.)

## II.  STANDARD OF REVIEW

A district court has "plenary power" over its interlocutory orders, and its "power to reconsider, revise, alter[,] or amend [an] interlocutory order is not subject to the limitations of Rule 59." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000) (internal quotation marks omitted). Thus, the court "may reconsider an interlocutory ruling for any reason it deems sufficient." *Canaday v. Household Retail Servs., Inc.*, 119 F. Supp. 2d 1258, 1260 (M.D. Ala. 2000).

## III.  DISCUSSION

Plaintiffs reassert their contention that there is a credible threat that they will be listed as unlawfully present aliens, and thus, they have shown that there is a threat of imminent injury.  Plaintiffs cite *Georgia Latino Alliance for Human Rights v. Governor of Georgia*, 691 F.3d 1250, 1258 (11th Cir. 2012), and other cases for the proposition that they can show the threat of imminent injury by pleading that "there is a credible threat of application" of an unlawful statute.

The statute at issue in this case requires Defendants to report (a) unlawfully present aliens who are (b) detained by law enforcement, who (c) appear in court for any violation of state law.  *See* Ala. Code § 31-13-32(a).  There is no dispute that Plaintiffs pleaded that they were arrested and that they appeared in court.  Plaintiffs submit that they need not further allege that they *are* unlawfully present aliens – but only that Defendants *will treat them as* unlawfully present aliens. (Doc. # 39-1, at 7.)  Plaintiffs point to Jane Doe # 1's circumstances to show that there is a "'credible threat' that when State officials contact ICE to inquire about Jane Doe # 1, ICE will provide information that will, in turn, result in" the State's classification of Jane Doe # 1 as an unlawfully present alien.[1]  (Doc. # 39-1, at 9.)  Defendants do not respond directly to Plaintiffs' argument.[2]

---

[1] Jane Doe's circumstances are that she is from Mexico, she lacks documents proving that she has permission to be in the United States, she was detained in county jail for three months

Upon consideration of Plaintiffs' primary argument and the relevant law, the court is persuaded that Plaintiffs should not be required to plead that they are in fact "unlawfully present aliens."  Plaintiffs' motion for reconsideration (Doc. # 39) is due to be granted.

## IV.  CONCLUSION

Accordingly, it is ORDERED that:

(1)   Plaintiffs' motion for reconsideration (Doc. # 39) is GRANTED;

(2)   The Memorandum Opinion and Order entered July 31, 2013 (Doc. # 38) is VACATED;

(3)   Plaintiffs' motion for class certification (Doc. # 2), motion to proceed under pseudonyms (Doc. # 4), and motion for relief under Federal Rule of Civil Procedure 56(d) (Doc. # 32), and Defendants' motion to dismiss, or alternatively, for summary judgment (Doc. # 20), are REINSTATED as pending motions.

(4)   **On or before January 20, 2014**, the parties may supplement their briefing concerning Defendants' motion to dismiss and alternative motion for

---

prior to the initiation of this suit, and she was interviewed by Immigration and Customs Enforcement who determined that she lacked permission to remain in the country.

[2] Instead, Defendants counter Plaintiffs' additional arguments that "unlawfully present alien" is an undefined and impermissible state classification and that the court's re-pleading requirement could unnecessarily condition Plaintiffs' right to access the courts upon a waiver of Plaintiffs' Fifth Amendment rights against self-incrimination.  (*See* Doc. # 41 (responding primarily to Plaintiffs' arguments in Doc. # 39-1, at 9–12).)  The court does not base its decision to reconsider on Plaintiffs' additional arguments.

summary judgment (Doc. # 20) and Plaintiffs' Rule 56(d) motion for discovery (Doc. # 32).

DONE this 6th day of January, 2014.

                                      /s/ W. Keith Watkins
                         CHIEF UNITED STATES DISTRICT JUDGE