IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JANE DOE #1, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CV-79-WKW |
| | ) | [WO] |
| RICH HOBSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' motion to proceed under pseudonyms, (Doc. # 4), which has been fully briefed, (Docs. # 5, 29, and 30). A summary of the facts and legal questions at stake in this litigation can be found in the court's recent memorandum opinion and order denying Defendants' motion to dismiss. (*See* Doc. # 49, at 3–8.)

## I.  LEGAL STANDARD

Ordinarily, litigants are required to disclose their names if they wish to initiate a civil case in federal court. *See* Fed. R. Civ. P. 10(a). But "[a] party may proceed anonymously in a civil suit in federal court by showing that he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315–16 (11th Cir. 2011) (internal quotation marks and

citations omitted). "It is the exceptional case in which a plaintiff may proceed under a fictitious name." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). A court should consider "*all* the circumstances of a given case," including, but not limited to, whether the plaintiff is challenging governmental activity, is required to disclose "information of the utmost intimacy," or is compelled to admit to engaging in conduct that could put her at risk of criminal prosecution. *Id.* (citing *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)).

## II. ARGUMENTS

Plaintiffs contend that if they are not allowed to proceed under pseudonyms, "it would be extremely difficult for [their] claims to be prosecuted and unlikely that they or the class of affected individuals that they seek to represent will be able to vindicate their rights" in light of the risks associated with being identified as "unlawfully present aliens." (Doc. # 5, at 4.) Plaintiffs are fearful of the possibility of criminal prosecution or deportation, the attachment of social stigma, the annoyance of private harassment, and the potential threat of violence. Plaintiffs emphasize that their request does not prejudice Defendants because their case "turns solely on the constitutionality of a law." (Doc. # 5, at 4.)

Defendants oppose the motion to the extent that Plaintiffs may be allowed to withhold their identities from Defendants. Defendants claim that they will need to know Defendants' names in order to test standing, to conduct discovery, and cross

examine their evidence.[1]  To the extent that Plaintiffs wish to withhold their names from the public, Defendants encourage the court to take "a cautious approach" in granting or denying leave to proceed pseudonymously.  (Doc. # 29, at 1.)  That is, Defendants do not firmly oppose or support Plaintiffs' request to withhold their identities from the public; they simply remain skeptical of Plaintiffs' entitlement to claim a privacy interest in their immigration statuses.

With regard to Defendants' insistence upon learning Plaintiffs' identities, Plaintiffs reply that Defendants "are not categorically entitled to discover Plaintiffs' identities," (Doc. # 30, at 7), and Plaintiffs argue that no case law cited by Defendants offers a standard for addressing the particular issue of disclosing one's identity to the opposing party.  (*See* Doc. # 30, at 8–9.)  Plaintiffs assert that if Defendants really need to know their identities as this case proceeds, then "the [c]ourt can evaluate this issue through a future motion by Plaintiffs for a protective order under which Plaintiffs' identities might be revealed to Defendants for limited purposes on a strictly confidential basis."  (Doc. # 30, at 8.)

In support of the assertion that Defendants do not need or have the right to learn Plaintiffs' identities, Plaintiffs cite as persuasive authority *Lozano v. City of Hazleton*, 496 F. Supp. 2d 477, 510 (M.D. Pa. 2007), *aff'd in part, vacated in part*,

---

[1] The court already has concluded that, assuming the veracity of the allegations in the complaint and in Plaintiffs' declaration testimonies, Plaintiffs have standing to bring their suit. (*See* Doc. # 49.)  But standing remains relevant at all times during a case's prosecution, *see* Fed. R. Civ. P. 12(h)(3), and Defendants' contentions are not mooted by the initial ruling on standing.

620 F.3d 170 (3d Cir. 2010), *cert. granted, judgment vacated sub nom. City of Hazleton, Pa. v. Lozano*, 131 S. Ct. 2958, 180 L. Ed. 2d 243 (U.S. 2011), *and aff'd in part, rev'd in part*, 724 F.3d 297 (3d Cir. 2013).[2]  In *Lozano*, the court found that the defendant, a municipality whose ordinances were challenged by several plaintiffs including two persons who had "uncertain immigration status," *id.* at 505, "d[id] not have a strong need to obtain the identity of the anonymous plaintiffs in order to defend against [the] suit," *id.* at 510.  In support of its finding, the court cited only *Topo v. Dhir*, 210 F.R.D. 76, 79 (S.D.N.Y. 2002), for its proposition that a plaintiff may refuse to divulge information on her immigration status when the status is not germane to her suit.  *Lozano,* 496 F. Supp. 2d at 510–11.[3]  The court concluded that the plaintiffs' admissions that they lacked authority to be present or to work in the United States were adequate to satisfy the defendant's curiosity about standing.  *Id.* at 511.  The court accepted the plaintiffs' representations as true because they were admissions against interest that could lead to deportation if disclosed to immigration enforcement authorities.  The *Lozano* court also found it particularly compelling that defense counsel appeared to

---

[2] The district court's ruling concerning the plaintiff's entitlement to anonymity was not disturbed in the subsequent decisions of the Third Circuit.

[3] *Topo* involved a plaintiff who was not a U.S. Citizen who alleged that defendants violated the Alien Tort Claims Act.  210 F.R.D. at 77.  The defendants did not dispute that the plaintiff was not a U.S. citizen, and the court concluded that the plaintiff's allegation that she was a citizen of another country was adequate to resolve the question of her standing as an "alien."  *Id.* at 78.  In other words, the plaintiff's immigration status was irrelevant.

be "determined to expose [the plaintiffs'] legal status to federal authorities," which could have "cause[d] plaintiffs to abandon their attempt to secure rights guaranteed them under federal law." *Id.*

Upon review of *Lozano*, the court concludes that it is somewhat distinguishable, and even if it were squarely on point, it would be imprudent to follow its precedent. Eventually, this case will be decided on the merits. The allegation in the complaint that Plaintiffs lack documents proving their authorization to be present in the United States, (*see* Doc. # 1, at 12), and Jane Doe #1's testimony that she was told by authorities that she lacked permission to remain in the country, (*see* Doc. # 5-1), are sufficient to support a finding of standing and to survive the motion to dismiss, (*see* Docs. # 43, 49), but the court agrees with Defendants that ultimately, Defendants are not required to accept Plaintiffs' allegations and testimonies as truth. And the fact that this case will present mostly legal questions rather than factual ones makes no difference where a defendant questions the veracity of the facts alleged to support a plaintiff's standing.

## III. CONCLUSION

Therefore, upon consideration of the parties' arguments and the relevant legal authorities furnished therein, it is ORDERED that Plaintiffs' motion for leave to proceed under pseudonyms (Doc. # 4) is GRANTED to the extent that Plaintiffs

may withhold their true identities from the public and proceed as Jane Doe #1, etc. Plaintiffs' motion is DENIED, however, to the extent that Plaintiffs seek to withhold their identities from Defendants.

It is further ORDERED the parties should confer, and if possible, file a joint motion for protective order that satisfies Plaintiffs' concerns for confidentiality.

DONE this 20th day of May, 2014.

_____/s/ W. Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE