IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANE DOE #1, *et al.*, on behalf of themselves and all others similarly situated<br><br>　　Plaintiffs,<br><br>v.<br><br>RICH HOBSON, in his official capacity as Administrative Director of the Courts and head of the Alabama Administrative Office of Courts, *et al.*,<br><br>　　Defendants. | Case No. 2:13cv79-WKW-CSC |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between the following parties ("the Parties"): Plaintiffs Jane Doe # 1, Jane Doe #2, John Doe # 1, and John Doe #2 ("Plaintiffs"); Plaintiffs' counsel American Civil Liberties Union Foundation, American Civil Liberties Union of Alabama Foundation, National Immigration Law Center, and Southern Poverty Law Center ("Plaintiffs' Counsel"); and Defendants Rich Hobson, in his official capacity as Administrative Director of Courts, and Spencer Collier, in his official capacity as Secretary of the Alabama Law Enforcement Agency ("Defendants").

### Recitals

Whereas the Plaintiffs filed this action against the Defendants challenging the constitutionality of Ala. Code (1975) section 31-13-32, including provisions requiring the collection and publication of certain information, and

Whereas Defendants aver as follows:

　　(1) Federal policies govern the use of information obtained from federal law enforcement databases,

　　(2) The federal government informed Defendant Collier that in its view, publication of the information pursuant to the challenged statute would be an improper use of the information, and

　　(3) Defendant Collier thus determined that compliance with the challenged statute would jeopardize security clearances and impair cooperation between State and

EXHIBIT A

1

federal law enforcement officials, which cooperation is critical to State law enforcement activities;

The parties enter into the following Agreement:

### Agreement

In consideration of the mutual execution of this Agreement and the releases and promises made in the Agreement by the Parties, the Parties agree as follows:

1. The Administrative Office of Courts ("AOC"), acting through the Administrative Director of Courts Rich Hobson, hereby adopts the following policy (the "AOC Policy"): the AOC shall treat as Law Enforcement Sensitive and shall maintain the confidentiality of all data collected and transmitted to it pursuant to Ala. Code (1975) section 31-13-32; and shall forward said data only to the Alabama Law Enforcement Agency and to no other entity or individual except as otherwise required by federal law.

2. The Alabama Law Enforcement Agency ("ALEA"), acting through its Secretary Spencer Collier, hereby adopts the following policy (the "ALEA Policy"): the ALEA shall not publish in a manner available to the public the information forwarded to it by the Administrative Office of the Courts pursuant to Ala. Code (1975) section 31-13-32. ALEA shall keep said information confidential and shall treat it as Law Enforcement Sensitive. ALEA shall use the information only for legitimate Law Enforcement Purposes. ALEA shall not disclose the immigration information sent to it pursuant to Ala. Code (1975) section 31-13-32 to any individual or entity outside of ALEA, except for the U.S. Department of Homeland Security or its successor, or upon request from a federal law enforcement agency.

3. If the AOC wishes to amend in any way the AOC Policy within the five-year term of this Agreement, and assuming any required notice has been provided by the Plaintiffs' Counsel pursuant to paragraphs 12 and 13 below, the AOC shall provide advance notice (the "AOC Notice") to Plaintiffs' Counsel. The AOC Notice shall describe all material changes to be made to the AOC Policy. The AOC Notice shall be provided to Plaintiffs' Counsel at the following addresses:

    Legal Director
    ACLU of Alabama
    PO Box 6179
    Montgomery AL 36106-0179

    Director, Immigrants' Rights Project
    ACLU Foundation
    39 Drumm Street
    San Francisco CA 94111

>   Managing Attorney
>   National Immigration Law Center
>   3435 Wilshire Boulevard, Suite 2850
>   Los Angeles CA 90010
>
>   Legal Director
>   Southern Poverty Law Center
>   400 Washington Avenue
>   Montgomery AL 36104

4. No change to the AOC Policy shall be effective fewer than seventy-seven (77) days from when the AOC Notice has been mailed to Plaintiffs' Counsel by first-class U.S. Mail, or by any other method that will arrive to the specified address within two business days.

5. If the ALEA wishes to amend in any way the ALEA Policy within the five-year term of this Agreement, and assuming any required notice has been provided by the Plaintiffs' Counsel pursuant to paragraphs 12 and 13 below, the ALEA shall provide advance notice (the "ALEA Notice") to Plaintiffs' Counsel. The ALEA Notice shall describe all material changes to be made to the ALEA Policy. The ALEA Notice shall be provided to Plaintiffs' Counsel at the following addresses:

>   Legal Director
>   ACLU of Alabama
>   PO Box 6179
>   Montgomery AL 36106-0179
>
>   Director, Immigrants' Rights Project
>   ACLU Foundation
>   39 Drumm Street
>   San Francisco CA 94111
>
>   Managing Attorney
>   National Immigration Law Center
>   3435 Wilshire Boulevard, Suite 2850
>   Los Angeles CA 90010
>
>   Legal Director
>   Southern Poverty Law Center
>   400 Washington Avenue
>   Montgomery AL 36104

6. No change to the ALEA Policy shall be effective fewer than seventy-seven (77) days from when the ALEA Notice has been mailed to Plaintiffs' Counsel by first-class U.S. Mail, or by any other method that will arrive to the specified address within two business days.

7. Plaintiffs and Plaintiffs' Counsel hereby waive any claim for costs or fees arising from this case, and no enforcement action or future related action shall be used to reinstate any claim for costs or fees arising from this case.

8. Plaintiffs and Plaintiffs' Counsel hereby waive any claim for costs or fees arising from any effort to enforce any provision of this Agreement.

9. This Agreement is enforceable by any one or more of the Parties, and no other individual or entity.

10. The Parties stipulate that the U.S. District Court for the Middle District of Alabama shall retain jurisdiction to enforce the terms of this agreement. The effectiveness of this stipulation is conditioned on the Court's entry of an order retaining jurisdiction.

11. This Agreement shall remain in effect for five (5) years from the date of the Court entering the accompanying order retaining jurisdiction.

12. Should anyone other than Rich Hobson assume the office of Administrative Director of Courts, Plaintiffs' Counsel shall provide a copy of this Agreement and the related Court Order to that individual within sixty (60) days of that person taking office.

13. Should anyone other than Spencer Collier assume the office of Secretary of ALEA, Plaintiffs' Counsel shall provide a copy of this Agreement and the related Court Order to that individual within sixty (60) days of that person taking office.

14. This Agreement is the entire, final, and complete agreement of the Parties relating to the subject of this Agreement, and supersedes and replaces all prior or existing written and oral agreements between the Parties or their representatives relating thereto. No amendment or modification of this Agreement shall be effective unless in a writing executed by all Parties whose interests are affected by the modification.

15. If any provision of this Agreement is held to be invalid or unenforceable, all remaining provisions will continue in full force and effect.

16. This Agreement may be executed in multiple counterparts, all of which shall be deemed originals, and with the same effect as if all Parties had signed the same document. All of such counterparts shall be construed together with and shall constitute one Agreement, but in making proof, it shall only be necessary to produce one such counterpart (with multiple copies of the signature pages to show signatures, as needed). A facsimile transmission or photocopy shall be as valid and enforceable as an original.

The Parties, by their signatures below, have executed this Agreement and agree to be bound by it.

DATED: October 6, 2014        By: ___[signature]___
                                  Randall Marshall
                                  On behalf of the ACLU of Alabama
                                  Foundation and Plaintiffs Jane Doe #1 & 2
                                  and John Doe # 1 & 2

DATED: October 6, 2014        By: ___[signature]___
                                  Justin Cox
                                  On behalf of the ACLU Foundation
                                  and Plaintiffs Jane Doe #1 & 2 and
                                  John Doe # 1 & 2

DATED: October 6, 2014        By: ___[signature]___
                                  Karen C. Tumlin
                                  On behalf of the National Immigration Law
                                  Center and Plaintiffs Jane Doe #1 & 2 and
                                  John Doe # 1 & 2

DATED: October 6, 2014        By: ___[signature]___
                                  Sam Brooke
                                  On behalf of the Southern Poverty Law
                                  Center and Plaintiffs Jane Doe #1 & 2 and
                                  John Doe # 1 & 2

DATED: October_____, 2014    By: _____
                                  Rich Hobson
                                  Administrative Director of Courts

DATED: October 8, 2014        By: ___[signature]___
                                  Spencer Collier
                                  Secretary, Alabama Law Enforcement
                                  Agency

DATED: October_____, 2014    By: _____
                                  Luther Strange
                                  Alabama Attorney General

DATED: October_____, 2014        By: _____
                                         Randall Marshall
                                         On behalf of the ACLU of Alabama
                                         Foundation and Plaintiffs Jane Doe #1 & 2
                                         and John Doe # 1 & 2

DATED: October_____, 2014        By: _____
                                         Justin Cox
                                         On behalf of the ACLU Foundation
                                         and Plaintiffs Jane Doe #1 & 2 and
                                         John Doe # 1 & 2

DATED: October_____, 2014        By: _____
                                         Karen C. Tumlin
                                         On behalf of the National Immigration Law
                                         Center and Plaintiffs Jane Doe #1 & 2 and
                                         John Doe # 1 & 2

DATED: October_____, 2014        By: _____
                                         Sam Brooke
                                         On behalf of the Southern Poverty Law
                                         Center and Plaintiffs Jane Doe #1 & 2 and
                                         John Doe # 1 & 2

DATED: October 8th, 2014            By: /s/ Rich Hobson
                                         Rich Hobson
                                         Administrative Director of Courts

DATED: October_____, 2014        By: _____
                                         Spencer Collier
                                         Secretary, Alabama Law Enforcement
                                         Agency

DATED: October_____, 2014        By: _____
                                         Luther Strange
                                         Alabama Attorney General

5

DATED: October_____, 2014   By: _____
Randall Marshall
On behalf of the ACLU of Alabama
Foundation and Plaintiffs Jane Doe #1 & 2
and John Doe # 1 & 2

DATED: October_____, 2014   By: _____
Justin Cox
On behalf of the ACLU Foundation
and Plaintiffs Jane Doe #1 & 2 and
John Doe # 1 & 2

DATED: October_____, 2014   By: _____
Karen C. Tumlin
On behalf of the National Immigration Law
Center and Plaintiffs Jane Doe #1 & 2 and
John Doe # 1 & 2

DATED: October_____, 2014   By: _____
Sam Brooke
On behalf of the Southern Poverty Law
Center and Plaintiffs Jane Doe #1 & 2 and
John Doe # 1 & 2

DATED: October_____, 2014   By: _____
Rich Hobson
Administrative Director of Courts

DATED: October_____, 2014   By: _____
Spencer Collier
Secretary, Alabama Law Enforcement
Agency

DATED: October\_\_\_9\_\_\_, 2014   By: *Luther Strange*
Luther Strange
Alabama Attorney General

5